# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**NORMAN DAVIS,**

   **Petitioner,**

V.

          NO. 5:24-cv-00104-MTT-CHW

**Warden TOMMY BOWEN,** *et al.*,

   **Respondent.**

## ORDER

Petitioner Norman Davis has filed a 28 U.S.C. § 2254 habeas corpus petition challenging his February 15, 2000, conviction in the Superior Court of Decatur County, Georgia. Pet. for Writ of Habeas Corpus, ECF No. 1. Petitioner has not paid the $5.00 filing fee for this case or filed a motion for leave to proceed *in forma pauperis* in this action.[1] If he wants to proceed with this action, Petitioner is **ORDERED** to pay the $5.00 filing fee for this case or to file a proper and complete motion to proceed *in forma pauperis*.

A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). If he wants to seek leave to

---

[1] Petitioner attached two account certification forms to his motion to appoint counsel, but both statements were out of date, as one was from January 2022 and the other was from May 2023. Moreover, Plaintiff has not filed a motion or affidavit seeking leave to proceed *in forma pauperis*.

proceed *in forma pauperis*, Petitioner must submit the required documentation. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to take the ordered action. Petitioner's failure to fully and timely comply with this order may result in the dismissal of this case.

Additionally, Petitioner has filed a motion to appoint counsel and a motion for an evidentiary hearing. Mot. to Appoint Counsel, ECF No. 2; Mot. for Evidentiary Hearing, ECF No. 3. With regard to the motion for the appointment of counsel, Petitioner asserts that his vision is impaired and he needs counsel to help him proceed in this case. Mot. to Appoint Counsel 1, ECF No. 2.

Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c). Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994). The Court is not yet able to determine whether counsel needs to be appointed in this case. Therefore, Petitioner's motion is **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. There is no need for Petitioner to file additional requests for counsel.

Petitioner's motion for an evidentiary hearing is premature at this stage of the proceeding. Because the petition has not yet been through preliminary review and the

respondent has not had the chance to respond, Petitioner's motion for an evidentiary hearing is **DENIED**.

The **CLERK** is **DIRECTED** to forward Petitioner a blank motion to proceed *in forma pauperis* and account certification form along with his service copy of this order (with the civil action number showing on all).   There shall be no service of process in this case until further order of the Court.

**SO ORDERED and DIRECTED**, this 29th day of April, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
